## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Ronald G. Carman, | ) | **CASE NO. 1: 16 CV 2577** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **v.** | ) | |
| | ) | **Memorandum of Opinion and Order** |
| Julie Heinig, *et al.*, | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

Seeking to proceed without prepayment of fees, *pro se* plaintiff Ronald G. Carman, a detainee in the Cuyahoga County Jail, has filed this *in forma pauperis* civil rights action pursuant to 42 U.S.C. §1983 against DNA Diagnostics Center of Fairfield, Ohio (DDC) and its Forensic Analyst, Julie Heinig.  The plaintiff alleges his criminal defense lawyer, Richard Agopian, hired DDC as a DNA expert to assist in the plaintiff's defense in a case pending against him in Cuyahoga County.  Defendant Heinig was the analyst at DDC responsible for the actual DNA testing.  The plaintiff alleges that DDC did not conduct the DNA test he and his counsel "required" and that this has caused a delay in his trial.  In addition, he alleges that because of the "deception" of the DDC analyst, he could be wrongfully convicted in his criminal case, "rendering the expert for his defense deceptive."  (Doc. No. 1 at 7.)

The plaintiff seeks $100,000 compensation from the defendants for "causing [him] stress, anxiety, depression, [and] delay in trial for several months."  (Complt., Prayer for Relief.)

### Analysis

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per

curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), federal district courts are required 28

U.S.C. §1915(e)(2)(B) to screen *in forma pauperis* actions, and dismiss before service any such

action that the Court determines is frivolous or malicious, fails to state a claim on which relief

can be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See*

*Hill v. Lappin,* 630 F.3d 468, 470 (6th Cir. 2010).

The plaintiff's complaint must be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B).  In

order to state a viable claim under §1983, a plaintiff must allege that he was deprived of a right

secured by the federal constitution or laws of the United States by a person acting under color of

state law. *Bomer v. Muechenheim*, 75 F. App'x 998, 999 (6th Cir. 2003).

The plaintiff has not alleged he was deprived of any specific right secured by the federal

constitution or laws of the United States.  In addition, the defendants are not state actors.  DDC

is a private entity hired by the plaintiff's defense counsel to offer an expert opinion in the

plaintiff's criminal case.  DDC is not a person and did not act under color of state law.

Defendant Heinig, an analyst at DDC, likewise is not a state actor.  *See, e.g., Jones v. Diner*,

No. 4: 09 CV 204, 2009 WL 1285842 (E.D. Ark. 2009) (dismissing §1983 action against a

private entity hired by the plaintiff's defense counsel to offer an expert opinion in a criminal

case, and a medical doctor for the private entity, for lack of state action).

**Conclusion**

Accordingly, the plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is

granted, and for the reasons stated above, this action is dismissed pursuant to 28 U.S.C.

§1915(e).  The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from

this decision could not be taken in good faith.

-2-

IT IS SO ORDERED.


 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 1/10/16